**Rubik BAREGHAMYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73726.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Asbet A. Issakhanian, pro se, Glendale, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAS-District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ann Carroll Varnon, Esq., DOJ–U.S. Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Rubik Bareghamyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *see Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996), and we deny the petition.

Substantial evidence supports the negative credibility finding because the IJ identified discrepancies that go to the heart of Bareghamyan's asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). Accordingly, Bareghamyan failed to establish eligibility for asylum or withholding of removal. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002).

Substantial evidence supports the IJ's conclusion that Bareghamyan is not entitled to relief under the CAT because he failed to demonstrate that it is more likely than not that he would be tortured upon return to Armenia if removed. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.